(No. 3953—

LUCY PENNINGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

R. WALLACE KARRAKER, for claimant.

GEORGE F. BARRETT, Attorney General and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On December 28, 1944, the claimant, Lucy Penninger, an attendant at the Anna State Hospital, slipped and fell on an icy pavement, sustaining a fracture of the left femur. She was hospitalized at the institution from the date of the injury until April 15, 1945, when she returned to her home. Subsequently she received treatment at the West Frankfort U. M. W. of A. Medical and Relief Association, at West Frankfort, Illinois, and there submitted to an operation. All hospital and medical services were paid by the respondent except the charges incurred at the West Frankfort Hospital in the amount of $295.00.

At the time of the accident claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act.

At the time of the injury claimant's annual earnings were $1,500.00 per year. She was paid by respondent, on account of temporary total disability, the total sum of $500.00. She alleges that she has become totally and permanently disabled as a result of this injury. The respondent, however contends that the claimant is not totally and permanently disabled, that her injury is limited to the left leg, and that claimant has sustained a specific loss only.

Claimant, testifying on her own behalf, stated that since the injury she has been unable to do anything except dry dishes, peel potatoes, or "a few things sitting down;" that her feet become very tired when she stands; and that she can not walk without a crutch. She also stated that she was seventy-eight years old on the 27th day of May, 1946.

Dr. William A. Baker, testifying on behalf of claimant, stated that he is a member of the Medical Staff of the Anna State Hospital; that he saw claimant immediately after the accident, and upon examination found about a two inch shortening of the left leg, eversion of the left foot, and considerable pain in the left hip. X-rays showed a complete transverse fracture through the surgical neck of the left femur with proximal fragments downward and backward and distal fragments upward and forward. He stated that an attempt was made to set the bones and insert a Smith-Peterson pin. The operation, however, was not successful, and the pin had to be removed. Dr. Baker also testified that claimant does not have a strong callus formation, but a fibrous union, and that since the bones are not end to end there will never be a strong callus formation. He stated that the condition is permanent, and that in his opinion "it is very nearly a total disability in that she cannot put much

weight on her leg without the use of a crutch or cane.''

Dr. C. D. Nobles, called as a witness for claimant, substantiated the statements made by Dr. Baker.

Claimant was temporarily totally incapacitated from December 28, 1944 to June 28, 1945 or a period of twenty-six weeks. Claimant's annual earnings being $1,500.00, her average weekly wage was $28.85, so that her compensation rate is $14.43. The injury having occurred subsequent to July 1, 1943, this must be increased 17½%, making the total compensation rate $16.96. Claimant was therefore entitled, on account of temporary total disability, to the total sum of $440.96. Since claimant received the sum of $500.00 for non-productive time, there has been an over-payment of $59.04, which must be deducted from any award in this case.

The court is of the opinion that claimant has sustained a 90% permanent loss of use of her left leg. The court is also of the opinion that claimant is not totally and permanently disabled within the meaning of the Workmen's Compensation Act. There is nothing in the record to show that claimant has sustained any injury other than that to the left hip and leg, and there is nothing to show that she suffers from any disability other than the partial loss of use of her left leg, and her advanced age.

Claimant, is, therefore, entitled to an award of $16.96 for a period of 171 weeks, or the aggregate sum of $2,900.16. From this must be deducted the overpayment of $59.04, leaving a balance of $2,841.12. She is also entitled to be reimbursed in the sum of $295.00 expended on account of necessary medical, surgical, and hospital services.

The testimony on hearing before Commissioner Jenkins was transcribed by Ruth A. Coffman, who has sub-

mitted a statement of $11.50 for her services. This charge is reasonable and proper.

An award is, therefore, entered as follows:

To Ruth A. Coffman, on account of stenographic services, $11.50, payable forthwith.

To Lucy Penninger, on account of money expended for medical, surgical, and hospital services, $295.00, payable forthwith.

To Lucy Penninger for 90% loss of use of her left leg, $2,841.12 payable as follows:

$1,373.76, which has accrued, is payable forthwith.

$1,467.36 is payable in weekly installments of $16.96 per week, beginning January 16, 1947, for a period of 86 weeks, with a final payment of $8.80.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."